Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
William C. Wright (WW 2213)
bwright@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Andrew S. Chung (AC 1988)
achung@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391

Brian Igel (BI 4574)
bigel@bilawfirm.com
BELLIZIO + IGEL PLLC
One Grand Central Place
305 Madison Avenue, 40th Floor
New York, New York 10165
Telephone:     (212) 873-0250
Facsimile:     (646) 395-1585
*Attorneys for Plaintiff*
*Off-White, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OFF-WHITE LLC,<br><br>*Plaintiff*<br><br>v.<br><br>AMAZON001, BRILLIANT168, CAIGANG6988, CAIYUNGUNGUN, DALETOU88, FADALASHOP2015, FEARDE, FEIWU, GANGCAI9988, GOD111, HM39, HUAKAIFUGUI360, HUAKAIFUGUI668, HUOCHEBABA, IFENG1688, IRIS2018, JHY20180203, JINHASF, KONGTIAO6987, LIUWEI6167, LUQF5159, MEGANPATTERSON, MINMINANDHAIMING, MONEY5789, SHOESBESTOFBEST, SPLENDID569, | CIVIL ACTION No. ____<br><br><br>**COMPLAINT**<br><br>**Jury Trial Requested**<br><br>**FILED UNDER SEAL** |

STELLABAGS, SUMMER715, TEJIA68, TWENQI888, W1019, WANGWINNER, XIAOWANG989899, XIAOXIAOMAO, YUER16899, ZHANGZHANGJIOJIU and ZHONGGUOHONGNIU,

*Defendants*

**GLOSSARY**

| Term | Definition |
|------|------------|
| **Plaintiff or "Off-White"** | Off-White LLC |
| **Defendants** | amazon001, brilliant168, caigang6988, caiyungungun, daletou88, fadalashop2015, fearde, feiwu, gangcai9988, god111, hm39, huakaifugui360, huakaifugui668, huochebaba, ifeng1688, iris2018, jhy20180203, jinhasf, kongtiao6987, liuwei6167, luqf5159, meganpatterson, minminandhaiming, money5789, shoesbestofbest, splendid569, stellabags, summer715, tejia68, twenqi888, w1019, wangwinner, xiaowang989899, xiaoxiaomao, yuer16899, zhangzhangjiojiu and zhongguohongniu |
| **iOffer** | A San Francisco, California-based online marketplace and e-commerce platform, available at ioffer.com, that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their wholesale and retail products originating primarily from China, among other locations, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **New York Address** | 244 Madison Ave., Suite 411, New York, NY 10016 |
| **Complaint** | Plaintiff's Complaint filed on March 6, 2019 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on March 6, 2019 |
| **Abloh Dec.** | Declaration of Virgil Abloh in Support of Plaintiff's Application |
| **Scully Dec.** | Declaration of Brieanne Scully in Support of Plaintiff's Application |
| **Off-White Registrations** | U.S. Trademark Registration No. 5,119,602 for "OFF WHITE" for a variety of goods in Class 25 with a constructive date of first use of January 25, 2012, U.S. Trademark Registration of , U.S. Trademark Registration No. 5,150,712, for a variety of goods in Class 18 and Class 25, U.S. Trademark Registration of , U.S. Trademark Registration No. 5,307,806, for a variety of goods in Class 18 and Class 25, U.S. Trademark |

| | |
|---|---|
| | Registration for , U.S. Trademark Registration No. 5,387,983, for a variety of goods in Class 25, U.S. Trademark Registration No. 5,572,836 for "Off White C/O Virgil Abloh" for a variety of goods in Class 25, U.S. Trademark Registration of , U.S. Registration No. 5,445,222 for a variety of goods in Class 25 |
| **Off-White Applications** | U.S. Trademark Serial Application No. 88/080,002 for  for a variety of goods in Class 25, U.S. Trademark Serial Application No. 88/041,456 for , for a variety of goods in Class 18 and Class 25, U.S. Trademark Serial Application No. 88/247,568 for , for a variety of goods in Class 09 and Class 25 and U.S. Trademark Serial Application No. 87/913,823 for , for a variety of goods in Class 25 |
| **Off-White Marks** | The Off-White Registrations and the Off-White Applications |
| **Off-White Products** | A young, successful luxury fashion label founded by American creative designer Virgil Abloh, specializing in season to season men's and women's lifestyle and high-end streetwear, as well as shoes, accessories, jewelry, and other ready-made goods |
| **Off-White Brand** | The trademarks, Off-White™ and Off- White c/o Virgil Abloh™, used to market the Off-White Products |
| **Counterfeit Products** | Products bearing or used in connection with the Off-White Marks, and/or products in packaging and/or containing labels bearing the Off-White Marks, and/or bearing or used in connection with marks that are confusingly similar to the Off-White Marks and/or products that are identical or confusingly similar to the Off-White Products |
| **User Accounts** | Any and all websites, any and all accounts with online marketplace platforms such as iOffer, as well as any and all as yet undiscovered accounts with additional online marketplace |

| | platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them |
|---|---|
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products, including Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), and Japan Credit Bureau Co., Ltd. ("JCB"), and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online platforms, including, without limitation, those owned and operated, directly or indirectly by iOffer, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

Off-White, a limited liability company organized and existing under the laws of the State of Illinois, by and through its undersigned counsel, alleges as follows:[1]

## NATURE OF THE ACTION

1. This action involves claims for trademark infringement of Off-White's federally registered trademarks in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 *et seq.*; counterfeiting of Off-White's federally registered trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c); trademark infringement of Off-White's unregistered trademarks in violation of 15 U.S.C. § 1125; false designation of origin, passing off and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)) and related common law claims arising from the infringement of the Off-White Marks, including, without limitation, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling unlicensed, counterfeit and infringing versions of the Off-White Products by Defendants amazon001, brilliant168, caigang6988, caiyungungun, daletou88, fadalashop2015, fearde, feiwu, gangcai9988, god111, hm39, huakaifugui360, huakaifugui668, huochebaba, ifeng1688, iris2018, jhy20180203, jinhasf, kongtiao6987, liuwei6167, luqf5159, meganpatterson, minminandhaiming, money5789, shoesbestofbest, splendid569, stellabags, summer715, tejia68, twenqi888, w1019, wangwinner, xiaowang989899, xiaoxiaomao, yuer16899, zhangzhangjiojiu and zhongguohongniu.

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 15 U.S.C. § 1121

---

[1] Where a defined term is referenced herein but not defined, it should be understood as it is defined in the Complaint, Application or Glossary.

as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.; pursuant to 28 U.S.C. § 1338(b) as an action arising out of claims for false designation of origin and unfair competition; and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as the claims asserted thereunder are so closely related to the federal claims brought in this Action as to form part of the same case or controversy.

3.      Personal jurisdiction exists over Defendants in this judicial district pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3), or in the alternative, Fed. R. Civ. P. 4(k), because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in New York and this judicial district, and/or derive substantial revenue from their business transactions in New York and this judicial district and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' illegal counterfeiting and infringing actions caused injury to Off-White in New York and in this judicial district such that Defendants should reasonably expect such actions to have consequences in New York and this judicial district, for example:

   a.   Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including New York, through User Accounts with online marketplace platforms such as iOffer, as well as any and all as yet undiscovered User Accounts on other online marketplace platforms, through which consumers in the U.S., including New York, can view the one or more Merchant Storefronts that each Defendant

operates, uses to communicate with Defendants regarding their listings for Counterfeit Products and to place orders for, receive invoices for and purchase Counterfeit Products for delivery in the U.S., including New York, as a means for establishing regular business with the U.S., including New York.

b.  Upon information and belief, Defendants are sophisticated sellers, each operating one or more commercial businesses through their respective User Accounts, using their Merchant Storefronts to manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in products, including the Counterfeit Products at significantly below-market prices to consumers worldwide, including to consumers in the U.S., and specifically in New York.

c.  Upon information and belief, a majority of Defendants' Merchant Storefronts reflect multiple sales to consumers all over the world, including repeat sales to consumers in the U.S.

d.  Upon information and belief, all Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to New York and specifically to the New York Address.

e.  Upon information and belief, Defendants have transacted business with consumers located in the U.S., including New York, for the sale and shipment of Counterfeit Products.

f.  Upon information and belief, Defendants are aware of Off-White, its Off-White Products and Off-White Marks, and are aware that their illegal counterfeiting and infringing actions alleged herein are likely to cause injury to Off-White in the

U.S. and specifically, in New York and this judicial district, as Off-White conducts substantial business in New York.

4.        Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants conduct, transact and/or solicit business in this judicial district.

## THE PARTIES

5.        Plaintiff Off-White is a limited liability company organized and existing under the laws of the State of Illinois, with an address c/o Bellizio + Igel PLLC, 305 Madison Avenue, New York, New York 10165.

6.        Upon information and belief, Defendants are merchants on the ioffer.com online marketplace platform, which upon information and belief, is owned and operated by iOffer, a San Francisco, California based company, through which Defendants offer for sale and/or sell Counterfeit Products.

## GENERAL ALLEGATIONS

### Off-White and Its Well-Known Consumer Products

7. Off-White launched in or about 2013, is the owner of the Off-White Products, which are distributed through various channels of trade in the U.S. and abroad.  Images of the Off-White Products are attached hereto as Exhibit A and incorporated herein by reference.

8.        The Off-White Products are marketed under the Off-White Marks.  For example, Off-White owns U.S. Trademark Registration No. 5,119,602 for "OFF WHITE" for a variety of goods in Class 25 with a constructive date of first use of January 25, 2012.  Off-White



also owns U.S. Trademark Registration of , U.S. Trademark Registration No. 5,150,712,

7

for a variety of goods in Class 18 and Class 25 and the U.S. Trademark Registration of , U.S. Trademark Registration No. 5,307,806, for a variety of goods in Class 18 and Class 25.

Additionally, Off-White owns the U.S. Trademark Registration for , U.S. Trademark Registration No. 5,387,983, for a variety of goods in Class 25, U.S. Trademark Registration No. 5,572,836 for "Off White C/O Virgil Abloh" for a variety of goods in Class 25 and U.S. Trademark Registration of , U.S. Registration No. 5,445,222 for a variety of goods in Class 25.   Off-White also applied for registration of , which is covered by U.S. Trademark Serial Application No. 88/080,002 for a variety of goods in Class 25, U.S. Trademark Serial Application No. 88/041,456 for , for a variety of goods in Class 18 and Class 25, U.S. Trademark Serial Application No. 88/247,568 for , for a variety of goods in Class 09 and Class 25 and U.S. Trademark Serial Application No. 87/913,823 for , for a variety of goods in Class 25.   True and correct copies of the registrations and applications are attached hereto as **Exhibit B** and incorporated herein by reference.

9.       The Off-White Marks are currently in use in commerce in connection with the

Off-White Products.  The Off-White Marks were first used in commerce on or before the dates of first use as reflected in the respective registration and application attached hereto as **Exhibit B.**

10.     The Off-White Products are sold at luxury retailers such as Barneys, Selfridges, and Bergdorf Goodman, as well as Off-White's boutiques located in prominent fashion epicenters including London, Tokyo, Hong Kong, Seoul, Beijing, Shanghai, Toronto, Shenyang, Xian, Dubai, Bangkok, Busan, Macau, Manila, Mykonos, Tianjin, Paris, Vancouver, Kuala Lumpur, Sydney, Taipei, Melbourne, Manchester, Singapore and New York City.

11.     Since the launch of Off-White approximately six (6) years ago, the Off-White Products have been featured in numerous press publications, including, but not limited to, *New York Magazine*, *GQ*, *W Magazine*, *Vogue* and *Business of Fashion*, among others.  Recently, *Lyst* named Off-White as the "hottest fashion brand in the World."[2]

12.     The Off-White Products typically retail for between $150.00 - $2,500.00.

13.     The success of the Off-White Products is due in part to Off-White's marketing and promotional efforts. These efforts include advertising and promotion through social media, Off-White's website (available at https://www.off---white.com/en/US), retailer websites and other internet-based and print advertising, among other efforts domestically and abroad, including in New York.

14.     Off-White's success is also due to its use of high-quality materials and processes in making the Off-White Products.

15.     Additionally, Off-White owes a substantial amount of the success of the Off-White Products to its consumers and word-of-mouth buzz that its consumers have generated.

---

[2] Amy de Klerk, *Why this is Off-White's moment*, HARPERS BAZAAR (Oct. 24, 2018), https://www.harpersbazaar.com/uk/fashion/fashion-news/a24157608/off-white-lyst-hottest-brand/.

16.      Off-White's efforts, the quality of its Off-White Products, its marketing, promotions and distribution efforts, as well as the word-of mouth-buzz generated by its consumers, have made the Off-White Products and Off-White Marks prominently placed in the minds of the public.  Retailers, retail buyers, consumers and members of the public have become familiar with the Off-White Products and Off-White Marks and associate them exclusively with Off-White.

17.      As a result of such associations, Off-White and its Off-White Marks have acquired a valuable reputation and goodwill among the public.

18.      Off-White has gone to great lengths to protect its interests in and to the Off-White Products and Off-White Marks.  No one other than Off-White is authorized to manufacture, import, export, advertise, offer for sale or sell any goods utilizing the Off-White Marks without the express written permission of Off-White.

### iOffer and Defendants' User Accounts

19.      iOffer is an online marketplace and e-commerce platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their wholesale and retail products originating primarily from China,[3] among other locations, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York.[4]

---

[3] *See Chanel, Gucci, Louis Vuitton File Suits Against Individual Online Marketplace Sellers*, THE FASHION LAW (Feb. 2, 2017),  http://www.thefashionlaw.com/home/chanel-gucci-file-suit-against-individual-online-marketplace-sellers.
[4] *See* iOFFER.COM, About Us, https://www.ioffer.com/info/about_us.

20.     A majority of the third-party merchants that have User Accounts with and operate Merchant Storefronts on iOffer, like Defendants, are located in China.[5]

21.     Currently, iOffer has more than 100 million consumer products for sale from thousands of active users.[6]  In total, iOffer claims a base of millions of users worldwide.[7]  Since it launched in 2002, iOffer has become the fastest growing interactive social commerce platform and can be accessed in over 190 countries.[8]

22.     As recently addressed in news reports,[9] and as reflected in the federal lawsuits filed against third-party merchants offering for sale and selling infringing and/or counterfeit products on iOffer,[10] an astronomical number of counterfeit and infringing products are offered for sale and sold on iOffer at a rampant rate.[11]

23.     Defendants are individuals and/or businesses, who, upon information and belief, are located in China but conduct business in the U.S. and other countries by means of their User Accounts and on their Merchant Storefronts on iOffer, as well as potentially yet undiscovered additional online marketplace platforms.

---

[5] *See Chanel, Gucci, Louis Vuitton, supra* note 3; *see also* Paula Rosenblum, *Look out Main Street, Alibaba is Moving in*, FORBES (June 11, 2014), https://www.forbes.com/sites/paularosenblum/2014/06/11/look-out-main-street-alibaba-is-moving-in.

[6] *See supra* note 4.

[7] *See id.*

[8] *See iOffer*, LINKEDIN, https://www.linkedin.com/company/ioffer.

[9]     *See Spyderco Files Counterfeit Suit Against iOffer, Inc.*, KNIFENEWS (July 26, 2018), https://knifenews.com/spyderco-files-counterfeit-suit-against-ioffer-inc/.

[10] *See, e.g., Pink Floyd (1987) Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, Civil Case No. 18-cv-3996 (N.D. Ill., June 8, 2018); *Adidas AG, et al. v. 2cn0931, et al.*, Civil Case No. 18-cv-60758 (S.D. Fl., April 8, 2018); *David Gilmour Music Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, Civil Case No. 17-cv-7763 (N.D. Ill., Nov. 1, 2017).

[11] *See Chanel, Gucci, Louis Vuitton, supra* note 3; *see also Richemont Targets Counterfeiters in Lawsuit*, TRADEMARKS & BRANDS ONLINE (Sept. 2, 2015), https://www.trademarksandbrandsonline.com/news/richemont-targets-counterfeiters-in-lawsuit-4471; Susan Reda, *Store Trends: February 2017*, NATIONAL RETAIL FEDERATION (Feb. 1, 2017), https://nrf.com/blog/stores-trends-february-2017; *Adidas, Reebok Crack Down on Counterfeit Sellers on Instagram*, THE FASHION LAW (April 16, 2018), http://www.thefashionlaw.com/home/adidas-reebok-crack-down-on-counterfeit-sellers-on-instagram.

24.      Through their Merchant Storefronts, Defendants offer for sale and/or sell consumer products, including Counterfeit Products, and target and ship such products to customers located in the U.S., including in New York, and throughout the world.

25.      Defendants' Merchant Storefronts share unique identifiers, such as design elements along with similarities in price, description of the goods offered and of the Counterfeit Products themselves offered for sale.

26.      Defendants are in constant communication with each other and regularly participate in online chatroom discussions involving illegal counterfeiting activities, pending litigation and potential new lawsuits.

## Defendants' Wrongful and Infringing Conduct

27.      Particularly in light of in light of Off-White's success with its Off-White Products, as well as the reputation it has gained, Off-White and its Off-White Products have become targets for unscrupulous individuals and entities who wish to capitalize on the goodwill, reputation and fame that Off-White has amassed in its Off-White Products and Off-White Marks and Off-White investigates and enforces against such activities.

28.      Through Off-White's investigative and enforcement efforts, Off-White learned of Defendants' actions which vary and include, but are not limited to: manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Counterfeit Products to U.S. consumers, including those located in the state of New York, through Defendants' User Accounts and Merchant Storefronts.  Printouts of listings for Counterfeit Products from Defendants' User Accounts and Merchant Storefronts are included in **Exhibit C** attached hereto and incorporated herein by reference**.**

12

29.    Defendants are not, and have never been, authorized by Off-White or any of its authorized agents to copy, manufacture, import, export, advertise, distribute, offer for sale or sell the Off-White Products or to use the Off-White Marks, or any marks that are confusingly similar to the Off-White Marks.

30.    Defendants' Counterfeit Products are nearly indistinguishable from the Off-White Products, only with minor variations that no ordinary consumer would recognize.

31.    During its investigation, Off-White, through its counsel, identified Defendants as offering for sale and/or selling Counterfeit Products.  Printouts of the listings for Counterfeit Products from Defendants' Merchant Storefronts reflecting that the Defendants ship the Counterfeit Products to the U.S. are included in **Exhibit C** attached hereto and incorporated herein by reference**.**

32.    Off-White confirmed that each Defendant was and/or is still currently offering for sale and/or selling Counterfeit Products through their respective User Accounts and/or Merchant Storefronts, accepting payment for such Counterfeit Products in U.S. Dollars through various payment processing services and that each Defendant provides shipping and/or has actually shipped Counterfeit Products to the U.S., including to customers located in New York. Off-White's findings are supported by Defendants' listings for Counterfeit Products in **Exhibit C** attached hereto and incorporated herein by reference**.**

33.    For example, below on the left is an image of one of the Off-White Products which typically retails for $595.00.  Depicted below on the right is the listing for Defendant amazon001's Counterfeit Product ("amazon001 Infringing Listing" and "amazon001 Counterfeit Product," respectively).  The Infringing Listing appears on Defendant amazon001's Merchant Storefront, https://www.ioffer.com/selling/amazon001, and offers the amazon001

Counterfeit Product for $15.99 per item, using, featuring and/or incorporating one or more of

the Off-White Marks, or a confusingly similar mark in the descriptions and/or product images

in the body of the listing. Further, the amazon001 Counterfeit Product is virtually identical to

one of the Off-White Products and features and/or incorporates one or more of the Off-White

Marks.  There is no question that the amazon001 Counterfeit Product is designed to confuse

and mislead consumers into believing that they are purchasing one of the Off-White Products

or that the amazon001 Counterfeit Product is otherwise approved by or sourced from Off-White,

thereby trading off of the goodwill and reputation of Off-White by engaging in the unauthorized

use of the Off-White Marks:

<table>
<tr><td align="center"><b><u>Off-White Product</u></b></td><td align="center"><b><u>Defendant's Counterfeit Product</u></b></td></tr>
<tr><td align="center"></td><td align="center"></td></tr>
</table>

34.     Off-White, through its counsel, has confirmed that Defendant amazon001 offers

shipping to New York as shown in the completed checkout pages for the Counterfeit Product

directing shipment to the New York Address which are attached hereto as **Exhibit C**. Further, a

14

screenshot of the amazon001 Infringing Listing, depicted below, confirms that Defendant amazon001 ships the amazon001 Counterfeit Product to the New York.:



35.      As another example, below on the left is an image of one of the Off-White Products, which typically retails for $910.00.  Depicted below on the right is the listing for Defendant caigang6988's Counterfeit Product ("caigang6988 Infringing Listing" and "caigang6988 Counterfeit Product," respectively).  The Infringing Listing appears on Defendant caigang6988's Merchant Storefront, https://www.ioffer.com/selling/caigang6988, and offers the caigang6988 Counterfeit Product for $15.99 per item, using, featuring and/or incorporating one or more of the Off-White Marks, or a confusingly similar mark in the descriptions and/or product images in the body of the listing.  Further, the caigang6988 Counterfeit Product is virtually identical to one of the Off-White Products and features and/or incorporates one or more of the Off-White Marks. There is no question that the caigang6988 Counterfeit Product is designed to confuse and mislead consumers into believing that they are purchasing one of the Off-White Products or that the caigang6988 Counterfeit Product is otherwise approved by or sourced from Off-White, thereby trading off of the goodwill and reputation of Off-White by engaging in the unauthorized use of the Off-White Marks:

15

**Off-White Product**                    **Defendant's Counterfeit Product**

     

36.     Off-White, through its counsel, has confirmed that Defendant caigang6988 offers

shipping to New York as shown in the completed checkout pages for the Counterfeit Product

directing shipment to the New York Address which are attached hereto as **Exhibit C**. Further, a

screenshot of the caigang6988 Infringing Listing, depicted below, confirms that Defendant

caigang6988 accepts payment in U.S. Dollars and offers shipping to the U.S.:



37.     By these dealings in Counterfeit Products (including, without limitation,

copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing,

displaying, offering for sale and/or selling Counterfeit Products), Defendants violated Off-White's

exclusive rights in the Off-White Marks, and have used marks that are confusingly similar to,

identical to and/or constitute counterfeiting and/or infringement of the Off-White Marks in order to confuse consumers into believing that such Counterfeit Products are Off-White Products and aid in the promotion and sales of their Counterfeit Products.  Defendants' conduct began long after Off-White's adoption and use of the Off-White Marks, after Off-White obtained the Off-White Registrations, as alleged above, and after the Off-White Products and Off-White Marks became well-known to the purchasing public.

38.     Prior to and contemporaneous with their counterfeiting and infringing actions alleged herein, Defendants had knowledge of Off-White's ownership of the Off-White Marks, of the fame and incalculable goodwill associated therewith and of the popularity and success of the Off-White Products, and in bad faith adopted the Off-White Marks.

39.     Defendants have been engaging in the illegal counterfeiting and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Off-White's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Off-White, the Off-White Marks and Off-White Products.

40.     Defendants' dealings in Counterfeit Products, as alleged herein, have caused, and will continue to cause confusion, mistake, economic loss, and have deceived and will continue to deceive consumers, the public and the trade with respect to the source or origin of Defendants' Counterfeit Products, thereby causing consumers to erroneously believe that such Counterfeit Products are licensed by or otherwise associated with Off-White, thereby damaging Off-White.

41.     In engaging in these actions, Defendants have, jointly and severally, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to Off-White: infringed and counterfeited the Off-White Marks, committed unfair competition and unfairly and unjustly profited from such activities at Off-White's expense.

42.     Unless enjoined, Defendants will continue to cause irreparable harm to Off-White.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**(Trademark Counterfeiting)**
**[15 U.S.C. § 1114(1)(b)/Lanham Act § 32; 15 U.S.C. § 1116(d)/Lanham Act § 34; 15 U.S.C. § 1117(b)-(c)/Lanham Act § 35]**

43.     Off-White repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

44.     Off-White is the exclusive owner of all right and title to the Off-White Marks.

45.     Off-White has continuously used the Off-White Marks in interstate commerce since on or before the date of first use as reflected in the registration certificates attached hereto as **Exhibit B**.

46.     Without Off-White's authorization or consent, with knowledge of Off-White's well-known and prior rights in its Off-White Marks and with knowledge that Defendants' Counterfeit Products bear counterfeit marks, Defendants intentionally reproduced, copied and/or colorably imitated the Off-White Marks and/or used spurious designations that are identical with, or indistinguishable from, the Off-White Marks on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products.

47.     Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold their Counterfeit Products to the purchasing public in direct competition with Off-White, in or affecting interstate commerce, and/or have acted with reckless disregard of Off-White's rights in and to the Off-White Marks through their participation in such activities.

48.     Defendants have applied their reproductions, counterfeits, copies and colorable imitations of the Off-White Marks to packaging, point-of-purchase materials, promotions and/or advertisements intended to be used in commerce upon, or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Defendants' Counterfeit Products, which is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive consumers, the public and the trade into believing that the Counterfeit Products sold by Defendants originate from, are associated with or are otherwise authorized by Off-White, thereby making substantial profits and gains to which they are not entitled in law or equity.

49.     Defendants' unauthorized use of the Off-White Marks on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by Off-White or its authorized agents and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the Off-White Marks.

50.     Defendants' actions constitute willful counterfeiting of the Off-White Marks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c).

51.     As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss and irreparable injury and damage to Off-White, its business, its reputation and its valuable rights in and to the Off-White Marks and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, for which Off-White has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Off-White and its valuable Off-White Marks.

52.     Based on Defendants' actions as alleged herein, Off-White is entitled to injunctive relief, damages for the irreparable harm that Off-White has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions, as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages and/or statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale or distributed and reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION
### (Infringement of Registered Trademark)
### [115 U.S.C. § 1114/Lanham Act § 32(a)]

53.     Off-White repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

54.     Off-White has continuously used the Off-White Marks in interstate commerce since on or before the date of first use as reflected in the registration certificate attached hereto as **Exhibit B**.

55.     Off-White, as owner of all right, title and interest in and to the Off-White Marks, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

56.     Defendants were, at the time they engaged in their actions as alleged herein, actually aware that Off-White is the owner of the federal trademark registration for the Off-White Marks.

57.     Defendants did not seek and thus inherently failed to obtain consent or authorization from Off-White, as the registered trademark owner of the Off-White Marks, to deal in and commercially manufacture, import, export, advertise, market, promote, distribute, display, retail, offer for sale and/or sell Off-White Products and/or related products bearing the Off-White Marks into the stream of commerce.

58.      Defendants knowingly and intentionally manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold Counterfeit Products, bearing and/or utilizing marks that are reproductions, counterfeits, copies and/or colorable imitations of the Off-White Marks and/or which are identical or confusingly similar to the Off-White Marks.

59.      Defendants knowingly and intentionally reproduced, copied and colorably imitated the Off-White Marks and applied such reproductions, copies or colorable imitations to packaging, wrappers, receptacles, online listings and/or advertisements used in commerce upon, or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Defendants' Counterfeit Products.

60.      Defendants were, at the time they engaged in their illegal and infringing actions as alleged herein, actually aware that Off-White is the owner of all rights in and to the Off-White Marks.

61.      Defendants' egregious and intentional use of the Off-White Marks in commerce on or in connection with Defendants' Counterfeit Products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of the Counterfeit Products, and is likely to deceive the public into believing that Defendants' Counterfeit Products are the Off-White Products or are otherwise associated with, or authorized by, Off-White.

62.      Defendants' actions have been deliberate and committed with knowledge of Off-White's rights and goodwill in the Off-White Marks, as well as with bad faith and the intent to cause confusion, mistake and deception.

63.      Defendants' continued, knowing, and intentional use of the Off-White Marks

without Off-White's consent or authorization constitutes intentional infringement of Off-White's federally registered Off-White Marks in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

64.      As a direct and proximate result of Defendants' illegal and infringing actions as alleged herein, Off-White has suffered substantial monetary loss and irreparable injury, loss and damage to its business and its valuable rights in and to the Off-White Marks and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which Off-White has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Off-White and the valuable Off-White Marks.

65.      Based on Defendants' actions as alleged herein, Off-White is entitled to injunctive relief, damages for the irreparable harm that Off-White has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### (False Designation of Origin, Passing Off & Unfair Competition)
### [15 U.S.C. § 1125(a)/Lanham Act § 43(a)]

66.      Off-White repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

67.      Off-White, as the owner of all right, title and interest in and to the Off-White Marks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

68.      The Off-White Marks are inherently distinctive and/or have acquired

distinctiveness.

69.     Defendants knowingly and willfully used in commerce products and/or packaging designs that are identical or confusingly or substantially similar to, and constitute reproductions of the Off-White Marks and affixed, applied and used false designations of origin and false and misleading descriptions and representations on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Counterfeit Products with the intent to cause confusion, to cause mistake and to deceive the purchasing public into believing, in error, that Defendants' substandard Counterfeit Products are Off-White Products or related products, and/or that Defendants' Counterfeit Products are authorized, sponsored, approved, endorsed or licensed by Off-White and/or that Defendants are affiliated, connected or associated with Off-White, thereby creating a likelihood of confusion by consumers as to the source of such Counterfeit Products, and allowing Defendants to capitalize on the goodwill associated with, and the consumer recognition of, the Off-White Marks, to Defendants' substantial profit in blatant disregard of Off-White's rights.

70.     By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products that are identical to, confusingly similar to or which constitute colorable imitations of the Off-White Products using marks that are identical and/or confusingly or similar to, or which constitute colorable imitations of the Off-White Marks, Defendants have traded off the extensive goodwill of Off-White and its Off-White Products and did in fact induce, and intend to, and will continue to induce customers to purchase Defendants' Counterfeit Products, thereby directly and unfairly competing with Off-White.  Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Off-

White and its Off-White Marks, which Off-White has amassed through its nationwide marketing, advertising, sales and consumer recognition.

71.     Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of and continuing use in commerce of marks that are identical or confusingly or substantially similar to and constitute reproductions of the Off-White Marks would cause confusion, mistake or deception among purchasers, users and the public.

72.     Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive the purchasing public and with the intent to trade on the goodwill and reputation Off-White, its Off-White Products and Off-White Marks.

73.     As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to Off-White by depriving Off-White of sales of its Off-White Products and by depriving Off-White of the value of its Off-White Marks as commercial assets in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately restrained, Defendants will continue to cause substantial and irreparable injury to Off-White and the goodwill and reputation associated with the value of Off-White Marks.

74.     Based on Defendants' wrongful conduct, Off-White is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including damages that Off-White has sustained and will sustain as a result of Defendants' illegal and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### (Infringement of Unregistered Trademark)
### [15 U.S.C. § 1125/Lanham Act § 43(a)]

75.     Off-White repleads and incorporates by reference each and every allegation
set forth in the preceding paragraphs as if fully set forth herein.

76.     Off-White has continuously used the Off-White Applications in interstate
commerce since on or before the dates of first use as reflected in the respective application
attached hereto as **Exhibit B**.

77.     Off-White, as the owner of all right, title and interest in and to the Off-White
Applications, has standing to maintain an action for trademark infringement under 15 U.S.C. §
1125.

78.     Defendants were, at the time they engaged in their actions as alleged herein,
actually aware that Off-White is the owner of the Off-White Applications.

79.     Defendants did not seek, and therefore necessarily failed, to obtain consent or
authorization from Off-White, as the trademark owner of the Off-White Applications, to deal in
and commercially manufacture, import, export, advertise, market, promote, distribute, display,
retail, offer for sale and/or sell Off-White Products and/or related products bearing the Off-
White Applications into the stream of commerce.

80.     Defendants knowingly and intentionally manufactured, imported, exported,
advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold Counterfeit
Products bearing and/or utilizing marks that are reproductions, copies and/or colorable
imitations of the Off-White Applications and/or which are identical or confusingly similar to
the Off-White Applications.

81.     Defendants knowingly and intentionally reproduced, copied and colorably
imitated the Off-White Applications and applied such reproductions, copies or colorable

imitations to packaging, wrappers, receptacles, online listings and/or advertisements used in commerce upon or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Defendants' Counterfeit Products.

82.     Defendants were, at the time they engaged in their illegal and infringing actions as alleged herein, actually aware that Off-White is the owner of all rights in and to the Off-White Applications.

83.     Defendants' egregious and intentional use of the Off-White Applications in commerce on or in connection with Defendants' Counterfeit Products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of the Counterfeit Products, and is likely to deceive the public into believing that Defendants' Counterfeit Products are Off-White Products or are otherwise associated with or authorized by Off-White.

84.     Defendants' actions have been deliberate and committed with knowledge of Off- White's rights and goodwill in the Off-White Applications, as well as with bad faith and the intent to cause confusion, mistake and deception.

85.     Defendants' continued, knowing and intentional use of the Off-White Applications without Off-White's consent or authorization constitutes intentional infringement of the Off-White Applications in violation of §43 of the Lanham Act, 15 U.S.C. § 1125.

86.     As a direct and proximate result of Defendants' illegal and infringing actions as alleged herein, Off-White has suffered substantial monetary loss and irreparable injury, loss and damage to its business and its valuable rights in and to the Off-White Applications and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for

which it has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Off-White and its valuable Off-White Applications.

87.     Based on Defendants' actions as alleged herein, Off-White is entitled to injunctive relief, damages for the irreparable harm that Off-White has sustained and will sustain as a result of Defendants' unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117 and 1118, and reasonable attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**(Unfair Competition)**
**[New York Common Law]**

88.     Off-White repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

89.     By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products, Defendants have traded off the extensive goodwill of Off-White and its Off-White Products to induce, and did induce and intend and will continue to induce, customers to purchase their Counterfeit Products, thereby directly competing with Off-White.  Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Off-White, which Off-White has amassed through its nationwide marketing, advertising, sales and consumer recognition.

90.     Defendants' advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products was and is in

violation and derogation of Off-White's rights and is likely to cause confusion and mistake, and to deceive consumers and the public as to the source, origin, sponsorship or quality of Defendants' Counterfeit Products.

91.     Defendants knew, or by the exercise of reasonable care should have known, that their advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products and their continuing advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products would cause confusion and mistake, or deceive purchasers, users and the public.

92.     Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion and mistake, and to deceive, in blatant disregard of Off-White's rights, and for the wrongful purpose of injuring Off-White, and its competitive position while benefiting Defendants.

93.     As a direct and proximate result of Defendants' aforementioned wrongful actions, Off-White has been and will continue to be deprived of substantial sales of its Off-White Products in an amount as yet unknown but to be determined at trial, for which Off-White has no adequate remedy at law, and Off-White has been and will continue to be deprived of the value of its Off-White Marks as commercial assets in an amount as yet unknown but to be determined at trial, for which Off-White has no adequate remedy at law.

94.     As a result of Defendants' actions alleged herein, Off-White is entitled to injunctive relief, an order granting Off-White's damages and Defendants' profits stemming from their infringing activities, and exemplary or punitive damages for Defendants' intentional misconduct.

## SIXTH CAUSE OF ACTION
### (Unjust Enrichment)
### [New York Common Law]

95.     Off-White repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

96.     By virtue of the egregious and illegal acts of Defendants as described herein, Defendants have been unjustly enriched in an amount to be proven at trial.

97.     Defendants' retention of monies gained through their deceptive business practices, infringement, acts of deceit and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Off-White prays for judgment against Defendants, inclusive, and each of them, as follows:

A.     For an award of Defendants' profits and Off-White's damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages under 15 U.S.C. § 1117(a)(3) and treble damages in the amount of a sum equal to three (3) times such profits or damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark in violation of 15 U.S.C. § 1114(1)(a);

B.     In the alternative to Defendants' profits and Off-White's actual damages, enhanced discretionary damages and treble damages for willful use of a counterfeit mark in connection with the sale, offering for sale or distribution of goods or services, for statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale or distributed, as the

Court considers just, which Off-White may elect prior to the rendering of final judgment;

C.      For an award of Defendants' profits and Off-White's damages in an amount to be proven at trial for willful trademark infringement of Off-White's federally registered Off-White Marks, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

D.      For an award of Defendants' profits and Off-White's damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

E.      For an award of damages to be proven at trial for common law unfair competition;

F.      For an award of damages in an amount to be proven at trial for unjust enrichment;

G.      For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

        i.      manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

        ii.      directly or indirectly infringing in any manner any of Off-White's trademarks or other rights (whether now in existence or hereafter created) including, without limitation, the Off-White Marks;

        iii.      using any reproduction, counterfeit, copy or colorable imitation of Off-

White's trademarks or other rights (whether now in existence or hereafter created) including, without limitation, the Off-White Marks to identify any goods or services not authorized by Off-White;

iv.    using any of Off-White's trademarks or other rights (whether now in existence or hereafter created) including, without limitation, the Off-White Marks or any other marks that are confusingly or substantially similar to the Off-White Marks, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

v.    using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Off-White, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities by Off-White;

vi.    engaging in the unlawful, unfair or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any Counterfeit Products;

vii.    engaging in any other actions that constitute unfair competition with Off-White;

viii.    engaging in any other act in derogation of Off-White's rights;

ix.    secreting, destroying, altering, removing, or otherwise dealing with the Counterfeit Products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

x.    from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' User Accounts or Merchant Storefronts, Defendants' Assets from or to Defendants' Financial Accounts, and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

xi.    from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

xii.    effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action;

xiii.   providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

xiv.   instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (xiii) above; and

H.     For an order of the Court requiring that Defendants recall from any distributors and retailers and deliver up to Off-White for destruction any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of Off-White's trademarks or other rights including, without limitation, the Off-White Marks, or bear any marks that are confusingly or substantially similar to the Off-White Marks;

I.     For an order of the Court requiring that Defendants deliver up for destruction to Off-White any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of Off-White's trademarks or other rights including, without limitation, the Off-White Marks, or bear any marks that are confusingly or substantially similar to the Off-White Marks pursuant to 15 U.S.C. § 1118;

J.     For an order from the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants from their manufacturing, importing, exporting, advertising, marketing, promoting,

33

distributing, displaying, offering for sale, sale and/or otherwise dealing in the Counterfeit Products as described herein, including prejudgment interest;

K.      For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendants' possession which rightfully belong to Off-White;

L.      For an award of exemplary or punitive damages in an amount to be determined by the Court;

M.      For Off-White 's reasonable attorneys' fees;

N.      For all costs of suit; and

O.      For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Off-White respectfully demands a trial by jury on all claims.

Dated: March 6, 2019                    Respectfully submitted,

EPSTEIN DRANGEL LLP

BY:     _____
        Brieanne Scully (BS 3711)
        bscully@ipcounselors.com
        Ashly E. Sands (AS 7715)
        asands@ipcounselors.com
        Jason M. Drangel (JD 7204)
        jdrangel@ipcounselors.com
        William C. Wright (WW 2213)
        bwright@ipcounselors.com
        Andrew S. Chung (AC 1988)
        achung@ipcounselors.com
        60 East 42nd Street, Suite 2520
        New York, NY 10165
        Telephone:      (212) 292-5390
        Facsimile:      (212) 292-5391

Brian Igel (BI 4574)
bigel@bilawfirm.com
One Grand Central Place
305 Madison Avenue, 40th Floor
New York, New York 10165
Telephone:     (212) 873-0250
Facsimile:      (646) 395-1585
*Attorneys for Plaintiff*
*Off-White LLC*

# EXHIBIT A



















# EXHIBIT B

# United States of America

## United States Patent and Trademark Office

# OFF WHITE

**Reg. No. 5,119,602**

**Registered Jan. 10, 2017**

**New Cert. Aug. 14, 2018**

**Int. Cl.: 25**

**Trademark**

**Principal Register**

OFF-WHITE LLC  (ILLINOIS LIMITED LIABILITY COMPANY)
305 Madison Avenue, 40th Flr.
C/o Bellizio + Igel
New York, NEW YORK 10165

CLASS 25: Clothing, not including those primarily in the color off white, namely, T-shirts, sweat shirts, jerseys, sweat pants, jackets, shirts, pants, tops, blouses, woven shirts, knit tops, trousers, slacks

FIRST USE 10-1-2016; IN COMMERCE 10-14-2016

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 85-524,865, FILED 01-25-2012

Director of the United States
Patent and Trademark Office

1

# United States of America

## United States Patent and Trademark Office



**Reg. No. 5,150,712**

**Registered Feb. 28, 2017**

**Int. Cl.: 18, 25**

**Trademark**

**Principal Register**

Off-White LLC (ILLINOIS LIMITED LIABILITY COMPANY)
305 Madison Avenue c/o Bellizio + Igel
40th Fl. Attn: Daniel Bellizio
New York, NY 10165

CLASS 18: All-purpose carrying bags; travel bags; luggage; trunks; gym bags; sports bags; clutches; purses; handbags; shoulder bags; tote bags; beach bags; wallets; business card cases; backpacks; courier bags; messenger bags; briefcases; umbrellas

FIRST USE 8-15-2015; IN COMMERCE 8-15-2015

CLASS 25: Apparel for men and women, namely, jackets, sweatshirts, coats, blazers, suits, pants, jeans, pullovers, sweaters, vests, shorts, shirts, dresses, skirts, neckwear, shawls; scarves; socks, leggings; stockings; belts, suspenders; braces; hats, caps, gloves, shoes, boots; flip flops, sandals and sneakers

FIRST USE 6-30-2015; IN COMMERCE 6-30-2015

The mark consists of fifteen alternating parallel diagonal lines of varying sizes forming the shape of a square.

SER. NO. 87-109,216, FILED 07-19-2016
TINA BROWN, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

# United States of America
## United States Patent and Trademark Office



**Reg. No. 5,307,806**

**Registered Oct. 10, 2017**

**Int. Cl.: 18, 25**

**Trademark**

**Principal Register**

Off-White LLC (ILLINOIS LIMITED LIABILITY COMPANY)
40th Floor
C/o Bellizio + Igel, 305 Madison Avenue
New York, NEW YORK 10165

CLASS 18: clutches; purses; handbags; tote bags; wallets; backpacks

FIRST USE 2-17-2014; IN COMMERCE 2-17-2014

CLASS 25: Apparel for men and women, namely, jackets, sweatshirts, coats, suits, pants, jeans, vests, shorts, shirts, dresses, skirts, neckwear, scarves, socks, belts, suspenders, hats, caps, shoes, boots and sneakers

FIRST USE 2-17-2014; IN COMMERCE 2-17-2014

The mark consists of nineteen alternating parallel diagonal lines of varying sizes forming the shape of a rectangle.

SER. NO. 87-109,889, FILED 07-20-2016

*Joseph Matol*

Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office



**Reg. No. 5,387,983**

**Registered Jan. 23, 2018**

**Int. Cl.: 25**

**Trademark**

**Principal Register**

Off-White LLC (ILLINOIS LIMITED LIABILITY COMPANY)
C/o Bellizio + Igel Pllc
305 Madison Avenue, 40th Floor
New York, NEW YORK 10165

CLASS 25: Apparel for men and women, namely, jackets, sweatshirts, pants, jeans, pullovers, sweaters, shirts, neckwear, socks, belts, hats, caps, shoes, boots and sneakers

FIRST USE 6-6-2016; IN COMMERCE 6-6-2016

The mark consists of two intersecting dual-sided arrows.

SER. NO. 87-248,697, FILED 11-28-2016

*Joseph Matal*

Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office

## OFF-WHITE C/O VIRGIL ABLOH

**Reg. No. 5,572,836**

**Registered Oct. 02, 2018**

**Int. Cl.: 25**

**Trademark**

**Principal Register**

Off-White LLC  (ILLINOIS LIMITED LIABILITY COMPANY)
305 Madison Avenue C/o Bellizio + Igel
40th Fl. Attn: Daniel Bellizio
New York, NEW YORK 10165

CLASS 25: Apparel for men and women, namely, jackets, sweatshirts, coats, blazers, suits, pants, jeans, pullovers, sweaters, vests, shorts, shirts, dresses, skirts, neckwear, socks, belts, hats, caps, gloves, shoes, boots and sneakers

FIRST USE 3-25-2013; IN COMMERCE 3-25-2013

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 5119602

The name(s), portrait(s), and/or signature(s) shown in the mark identifies "Virgil Abloh", whose consent(s) to register is made of record.

SER. NO. 85-911,895, FILED 04-23-2013

Director of the United States
Patent and Trademark Office

# United States of America
## United States Patent and Trademark Office



**Reg. No. 5,445,222**

**Registered Apr. 10, 2018**

**Int. Cl.: 25**

**Trademark**

**Supplemental Register**

Off-White LLC (ILLINOIS LIMITED LIABILITY COMPANY)
C/o Bellizio + Igel Pllc
305 Madison Avenue, 40th Floor
New York, NEW YORK 10165

CLASS 25: Apparel for men and women, namely, jackets, sweatshirts, coats, pullovers, shirts, hats, caps

FIRST USE 6-30-2016; IN COMMERCE 6-30-2016

The mark consists of two intersecting dual-sided arrows with a horizontal bar on top.

SER. NO. 87-248,708, FILED P.R. 11-28-2016; AM. S.R. 03-05-2018

Director of the United States
Patent and Trademark Office

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 88080002**
**Filing Date: 08/15/2018**

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 88080002 |
| **MARK INFORMATION** | |
| *MARK | \\TICRS\EXPORT17\IMAGEOUT 17\880\800\88080002\xml1\ RFA0002.JPG |
| SPECIAL FORM | YES |
| USPTO-GENERATED IMAGE | NO |
| COLOR MARK | NO |
| *DESCRIPTION OF THE MARK (and Color Location, if applicable) | The mark consists of The mark consists of two intersecting dual-sided arrows with leaves wrapped around them. |
| PIXEL COUNT ACCEPTABLE | NO |
| PIXEL COUNT | 988 x 973 |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Off-White LLC |
| INTERNAL ADDRESS | 40th Floor |
| *STREET | c/o Bellizio + Igel, 305 Madison Avenue |
| *CITY | New York |
| *STATE (Required for U.S. applicants) | New York |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. and certain international addresses) | 10165 |
| **LEGAL ENTITY INFORMATION** | |
| TYPE | limited liability company |
| STATE/COUNTRY WHERE LEGALLY ORGANIZED | Illinois |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| INTERNATIONAL CLASS | 025 |
| *IDENTIFICATION | Apparel for men and women, namely, jackets, sweatshirts, coats, blazers, suits, pants, jeans, pullovers, sweaters, vests, shorts, shirts, dresses, skirts, neckwear, shawls; scarves; socks, leggings; stockings; belts, suspenders; braces; hats, caps, gloves, shoes, boots; flip flops, sandals and sneakers. |
| FILING BASIS | SECTION 1(b) |

| ATTORNEY INFORMATION | |
|---|---|
| NAME | Brian Igel |
| FIRM NAME | BelliIo + Igel PLLC |
| STREET | 305 Madison Avenue |
| CITY | New York |
| STATE | New York |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 10165 |
| EMAIL ADDRESS | bigel@bilawfirm.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| **CORRESPONDENCE INFORMATION** | |
| NAME | Brian Igel |
| FIRM NAME | BelliIo + Igel PLLC |
| STREET | 305 Madison Avenue |
| CITY | New York |
| STATE | New York |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 10165 |
| *EMAIL ADDRESS | bigel@bilawfirm.com |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| **FEE INFORMATION** | |
| APPLICATION FILING OPTION | TEAS RF |
| NUMBER OF CLASSES | 1 |
| APPLICATION FOR REGISTRATION PER CLASS | 275 |
| *TOTAL FEE DUE | 275 |
| *TOTAL FEE PAID | 275 |
| **SIGNATURE INFORMATION** | |
| SIGNATURE | /bi/ |
| SIGNATORY'S NAME | Brian Igel |
| SIGNATORY'S POSITION | Attorney of Record, New York bar member |
| DATE SIGNED | 08/15/2018 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 88080002**
**Filing Date: 08/15/2018**

## To the Commissioner for Trademarks:

**MARK:** (Stylized and/or Design, see mark)
The applicant is not claiming color as a feature of the mark. The mark consists of The mark consists of two intersecting dual-sided arrows with leaves wrapped around them.
The applicant, Off-White LLC, a limited liability company legally organized under the laws of Illinois, having an address of
    40th Floor
    c/o Bellizio + Igel, 305 Madison Avenue
    New York, New York 10165
    United States

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

    International Class 025:  Apparel for men and women, namely, jackets, sweatshirts, coats, blazers, suits, pants, jeans, pullovers, sweaters, vests, shorts, shirts, dresses, skirts, neckwear, shawls; scarves; socks, leggings; stockings; belts, suspenders; braces; hats, caps, gloves, shoes, boots; flip flops, sandals and sneakers.
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services.

The applicant's current Attorney Information:
    Brian Igel of BelliIo + Igel PLLC    305 Madison Avenue
    New York, New York 10165
    United States
    bigel@bilawfirm.com (authorized)

The applicant's current Correspondence Information:
    Brian Igel
    BelliIo + Igel PLLC
    305 Madison Avenue
    New York, New York 10165
    bigel@bilawfirm.com (authorized)

**E-mail Authorization:** I authorize the USPTO to send e-mail correspondence concerning the application to the applicant, the applicant's attorney, or the applicant's domestic representative at the e-mail address provided in this application. I understand that a valid e-mail address must be maintained and that the applicant or the applicant's attorney must file the relevant subsequent application-related submissions via the Trademark Electronic Application System (TEAS). Failure to do so will result in the loss of TEAS Reduced Fee status and a requirement to submit an additional processing fee of $125 per international class of goods/services.

A fee payment in the amount of $275 has been submitted with the application, representing payment for 1 class(es).

### Declaration

☑ **Basis:**
    **If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce on or in connection with the goods/services in the application;

- The specimen(s) shows the mark as used on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

**And/Or**
**If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☑ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☑ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☑ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /bi/   Date: 08/15/2018
Signatory's Name: Brian Igel
Signatory's Position: Attorney of Record, New York bar member
Payment Sale Number: 88080002
Payment Accounting Date: 08/16/2018

Serial Number: 88080002
Internet Transmission Date: Wed Aug 15 18:30:13 EDT 2018
TEAS Stamp: USPTO/BAS-XX.XX.XX.XX-201808151830132199
24-88080002-610c5378c4a5eb48beebf68a9235
d1a659a2405878ac906affb0319e5c1af396a4-C
C-1798-20180815181522619938



Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 88041456**
**Filing Date: 07/17/2018**

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 88041456 |
| **MARK INFORMATION** | |
| *MARK | \\TICRS\EXPORT17\IMAGEOUT 17\880\414\88041456\xml1\ RFA0002.JPG |
| **SPECIAL FORM** | YES |
| **USPTO-GENERATED IMAGE** | NO |
| **COLOR MARK** | YES |
| **COLOR(S) CLAIMED** (If applicable) | The color(s) red is/are claimed as a feature of the mark. |
| *DESCRIPTION OF THE MARK (and Color Location, if applicable) | The mark consists of a red zip tie. |
| **PIXEL COUNT ACCEPTABLE** | NO |
| **PIXEL COUNT** | 1003 x 1115 |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Off-White LLC |
| **INTERNAL ADDRESS** | 40th Floor |
| *STREET | c/o Bellizio + Igel, 305 Madison Avenue |
| *CITY | New York |
| *STATE (Required for U.S. applicants) | New York |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. and certain international addresses) | 10165 |
| **LEGAL ENTITY INFORMATION** | |
| **TYPE** | limited liability company |
| **STATE/COUNTRY WHERE LEGALLY ORGANIZED** | Illinois |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| **INTERNATIONAL CLASS** | 018 |
| *IDENTIFICATION | Handbags; wallets; backpacks |
| **FILING BASIS** | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 06/15/2016 |

| FIRST USE IN COMMERCE DATE | At least as early as 06/15/2016 |
|---|---|
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT17\IMAGEOUT 17\880\414\88041456\xml1\ RFA0003.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT 17\880\414\88041456\xml1\ RFA0004.JPG |
| SPECIMEN DESCRIPTION | Use of the mark on goods |
| INTERNATIONAL CLASS | 025 |
| *IDENTIFICATION | Tops; bottoms; headwear; footwear |
| FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 05/15/2016 |
| FIRST USE IN COMMERCE DATE | At least as early as 05/15/2016 |
| SPECIMEN FILE NAME(S) | |
| JPG FILE(S) | \\TICRS\EXPORT17\IMAGEOUT 17\880\414\88041456\xml1\ RFA0005.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\880\414\88041456\xml1\RFA0006.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\880\414\88041456\xml1\RFA0007.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\880\414\88041456\xml1\RFA0008.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\880\414\88041456\xml1\RFA0009.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\880\414\88041456\xml1\RFA0011.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\880\414\88041456\xml1\RFA0012.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\880\414\88041456\xml1\RFA0013.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\880\414\88041456\xml1\RFA0014.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\880\414\88041456\xml1\RFA0015.JPG |
| ORIGINAL PDF FILE | SPE0-24386468-20180717171116140577_._DJ_Khaled_OW_x_Nike_Air_Presto.pdf |
| CONVERTED PDF FILE(S) (1 page) | \\TICRS\EXPORT17\IMAGEOUT17\880\414\88041456\xml1\RFA0010.JPG |
| SPECIMEN DESCRIPTION | Use of the mark on goods |

## ATTORNEY INFORMATION

| NAME | Brian Igel |
|---|---|
| FIRM NAME | Bellizio + Igel PLLC |
| STREET | 305 Madison Avenue, 40th Floor |
| CITY | New York |
| STATE | New York |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 10165 |
| EMAIL ADDRESS | bigel@bilawfirm.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## CORRESPONDENCE INFORMATION

| NAME | Brian Igel |
|---|---|
| FIRM NAME | Bellizio + Igel PLLC |
| | |

| STREET | 305 Madison Avenue, 40th Floor |
|---|---|
| CITY | New York |
| STATE | New York |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 10165 |
| *EMAIL ADDRESS | bigel@bilawfirm.com |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| **FEE INFORMATION** | |
| APPLICATION FILING OPTION | TEAS RF |
| NUMBER OF CLASSES | 2 |
| APPLICATION FOR REGISTRATION PER CLASS | 275 |
| *TOTAL FEE DUE | 550 |
| *TOTAL FEE PAID | 550 |
| **SIGNATURE INFORMATION** | |
| SIGNATURE | /bi/ |
| SIGNATORY'S NAME | Brian Igel |
| SIGNATORY'S POSITION | Attorney of Record, New York bar member |
| DATE SIGNED | 07/17/2018 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 88041456**
**Filing Date: 07/17/2018**

## To the Commissioner for Trademarks:

**MARK:** (Stylized and/or Design, see mark)
The color(s) red is/are claimed as a feature of the mark. The mark consists of a red zip tie.
The applicant, Off-White LLC, a limited liability company legally organized under the laws of Illinois, having an address of
    40th Floor
    c/o Bellizio + Igel, 305 Madison Avenue
    New York, New York 10165
    United States

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

    International Class 018:  Handbags; wallets; backpacks

In International Class 018, the mark was first used by the applicant or the applicant's related company or licensee or predecessor in interest at least as early as 06/15/2016, and first used in commerce at least as early as 06/15/2016, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) Use of the mark on goods.
Specimen File1
Specimen File2

    International Class 025:  Tops; bottoms; headwear; footwear

In International Class 025, the mark was first used by the applicant or the applicant's related company or licensee or predecessor in interest at least as early as 05/15/2016, and first used in commerce at least as early as 05/15/2016, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) Use of the mark on goods.
**JPG file(s):**
Specimen File1
Specimen File2
Specimen File3
Specimen File4
Specimen File5
Specimen File6
Specimen File7
Specimen File8
Specimen File9
Specimen File10
**Original PDF file:**
SPE0-24386468-20180717171116140577_._.DJ_Khaled_OW_x_Nike_Air_Presto.pdf
**Converted PDF file(s)** (1 page)
Specimen File1

The applicant's current Attorney Information:
    Brian Igel of Bellizio + Igel PLLC    305 Madison Avenue, 40th Floor
    New York, New York 10165
    United States
    bigel@bilawfirm.com (authorized)

The applicant's current Correspondence Information:

Brian Igel

Bellizio + Igel PLLC

305 Madison Avenue, 40th Floor

New York, New York 10165

bigel@bilawfirm.com (authorized)

**E-mail Authorization:** I authorize the USPTO to send e-mail correspondence concerning the application to the applicant, the applicant's attorney, or the applicant's domestic representative at the e-mail address provided in this application. I understand that a valid e-mail address must be maintained and that the applicant or the applicant's attorney must file the relevant subsequent application-related submissions via the Trademark Electronic Application System (TEAS). Failure to do so will result in the loss of TEAS Reduced Fee status and a requirement to submit an additional processing fee of $125 per international class of goods/services.

A fee payment in the amount of $550 has been submitted with the application, representing payment for 2 class(es).

**Declaration**

☑ **Basis:**
   **If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

   - The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
   - The mark is in use in commerce on or in connection with the goods/services in the application;
   - The specimen(s) shows the mark as used on or in connection with the goods/services in the application; and
   - To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

   **And/Or**
   **If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

   - The signatory believes that the applicant is entitled to use the mark in commerce;
   - The applicant has a bona fide intention to use the mark in commerce on or in connection with the goods/services in the application; and
   - To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☑ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☑ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☑ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /bi/   Date: 07/17/2018
Signatory's Name: Brian Igel
Signatory's Position: Attorney of Record, New York bar member
Payment Sale Number: 88041456
Payment Accounting Date: 07/18/2018

Serial Number: 88041456
Internet Transmission Date: Tue Jul 17 17:34:10 EDT 2018
TEAS Stamp: USPTO/BAS-XX.XX.XX.XX-201807171734107659
72-88041456-61043868c7149590547ae0628ea1
3684d7af1cf0d98eb0b4532dd96d22477c8715-C
C-4471-20180717171116140577





























Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 88247568**
**Filing Date: 01/02/2019**

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 88247568 |
| **MARK INFORMATION** | |
| *MARK | \\TICRS\EXPORT17\IMAGEOUT 17\882\475\88247568\xml1\ RFA0002.JPG |
| SPECIAL FORM | YES |
| USPTO-GENERATED IMAGE | NO |
| COLOR MARK | NO |
| *DESCRIPTION OF THE MARK<br>(and Color Location, if applicable) | The mark consists of a circle containing the term "OFF" twice, where each term intersects the other at the letter "F" as in the shape of a cross. |
| PIXEL COUNT ACCEPTABLE | YES |
| PIXEL COUNT | 658 x 664 |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Off-White LLC |
| INTERNAL ADDRESS | c/o Gelfand, Rennert & Feldman, LLP |
| *STREET | 360 Hamilton Ave., #100 |
| *CITY | White Plains |
| *STATE<br>(Required for U.S. applicants) | New York |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE<br>(Required for U.S. and certain international addresses) | 10601 |
| **LEGAL ENTITY INFORMATION** | |
| TYPE | limited liability company |
| STATE/COUNTRY WHERE LEGALLY ORGANIZED | Illinois |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| INTERNATIONAL CLASS | 009 |
| *IDENTIFICATION | Eyewear, namely, eyeglasses, sunglasses and eyeglass frames and lenses; eyewear accessories, namely, cases and holders; laptop bags, sleeves and carrying cases; cell phone covers and cases |
| FILING BASIS | SECTION 1(a) |

| | |
|---|---|
| **FIRST USE ANYWHERE DATE** | At least as early as 02/15/2018 |
| **FIRST USE IN COMMERCE DATE** | At least as early as 02/15/2018 |
| **SPECIMEN FILE NAME(S)** | \\TICRS\EXPORT17\IMAGEOUT 17\882\475\88247568\xml1\ RFA0003.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT 17\882\475\88247568\xml1\ RFA0004.JPG |
| **SPECIMEN DESCRIPTION** | Specimens display mark on products |
| **INTERNATIONAL CLASS** | 025 |
| ***IDENTIFICATION** | Apparel, namely, tops, bottoms as clothing, headwear, footwear, belts |
| **FILING BASIS** | SECTION 1(a) |
| **FIRST USE ANYWHERE DATE** | At least as early as 11/21/2017 |
| **FIRST USE IN COMMERCE DATE** | At least as early as 11/21/2017 |
| **SPECIMEN FILE NAME(S)** | \\TICRS\EXPORT17\IMAGEOUT 17\882\475\88247568\xml1\ RFA0005.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT 17\882\475\88247568\xml1\ RFA0006.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT 17\882\475\88247568\xml1\ RFA0007.JPG |
| **SPECIMEN DESCRIPTION** | Specimens depict mark on products |
| **ATTORNEY INFORMATION** | |
| **NAME** | Brian Igel |
| **FIRM NAME** | Bellizio + Igel PLLC |
| **INTERNAL ADDRESS** | c/o Bellizio + Igel PLLC |
| **STREET** | 305 Madison Avenue, 40th Floor |
| **CITY** | New York |
| **STATE** | New York |
| **COUNTRY** | United States |
| **ZIP/POSTAL CODE** | 10165 |
| **EMAIL ADDRESS** | bigel@bilawfirm.com |
| **AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |
| **CORRESPONDENCE INFORMATION** | |
| **NAME** | Brian Igel |
| **FIRM NAME** | Bellizio + Igel PLLC |
| **INTERNAL ADDRESS** | c/o Bellizio + Igel PLLC |
| **STREET** | 305 Madison Avenue, 40th Floor |
| **CITY** | New York |
| **STATE** | New York |
| **COUNTRY** | United States |
| **ZIP/POSTAL CODE** | 10165 |

| | |
|---|---|
| *EMAIL ADDRESS | bigel@bilawfirm.com |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| **FEE INFORMATION** | |
| APPLICATION FILING OPTION | TEAS RF |
| NUMBER OF CLASSES | 2 |
| APPLICATION FOR REGISTRATION PER CLASS | 275 |
| *TOTAL FEE DUE | 550 |
| *TOTAL FEE PAID | 550 |
| **SIGNATURE INFORMATION** | |
| SIGNATURE | /bi/ |
| SIGNATORY'S NAME | Brian Igel |
| SIGNATORY'S POSITION | Attorney of Record, New York Bar Member |
| DATE SIGNED | 01/02/2019 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

### Trademark/Service Mark Application, Principal Register

**Serial Number: 88247568**
**Filing Date: 01/02/2019**

## To the Commissioner for Trademarks:

**MARK:** (Stylized and/or Design, see mark)
The applicant is not claiming color as a feature of the mark. The mark consists of a circle containing the term "OFF" twice, where each term intersects the other at the letter "F" as in the shape of a cross.
The applicant, Off-White LLC, a limited liability company legally organized under the laws of Illinois, having an address of
    c/o Gelfand, Rennert & Feldman, LLP
    360 Hamilton Ave., #100
    White Plains, New York 10601
    United States

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

    International Class 009:  Eyewear, namely, eyeglasses, sunglasses and eyeglass frames and lenses; eyewear accessories, namely, cases and holders; laptop bags, sleeves and carrying cases; cell phone covers and cases

In International Class 009, the mark was first used by the applicant or the applicant's related company or licensee or predecessor in interest at least as early as 02/15/2018, and first used in commerce at least as early as 02/15/2018, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) Specimens display mark on products.
Specimen File1
Specimen File2

    International Class 025:  Apparel, namely, tops, bottoms as clothing, headwear, footwear, belts

In International Class 025, the mark was first used by the applicant or the applicant's related company or licensee or predecessor in interest at least as early as 11/21/2017, and first used in commerce at least as early as 11/21/2017, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) Specimens depict mark on products.
Specimen File1
Specimen File2
Specimen File3

The applicant's current Attorney Information:
    Brian Igel of Bellizio + Igel PLLC
    c/o Bellizio + Igel PLLC
    305 Madison Avenue, 40th Floor
    New York, New York 10165
    United States
    bigel@bilawfirm.com (authorized)

The applicant's current Correspondence Information:
    Brian Igel
    Bellizio + Igel PLLC
    c/o Bellizio + Igel PLLC
    305 Madison Avenue, 40th Floor

34

New York, New York 10165

bigel@bilawfirm.com (authorized)

**E-mail Authorization:** I authorize the USPTO to send e-mail correspondence concerning the application to the applicant, the applicant's attorney, or the applicant's domestic representative at the e-mail address provided in this application. I understand that a valid e-mail address must be maintained and that the applicant or the applicant's attorney must file the relevant subsequent application-related submissions via the Trademark Electronic Application System (TEAS). Failure to do so will result in the loss of TEAS Reduced Fee status and a requirement to submit an additional processing fee of $125 per international class of goods/services.

A fee payment in the amount of $550 has been submitted with the application, representing payment for 2 class(es).

**Declaration**

**Basis:**

**If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

**And/Or**

**If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /bi/   Date: 01/02/2019
Signatory's Name: Brian Igel
Signatory's Position: Attorney of Record, New York Bar Member
Payment Sale Number: 88247568
Payment Accounting Date: 01/03/2019

Serial Number: 88247568
Internet Transmission Date: Wed Jan 02 18:58:50 EST 2019
TEAS Stamp: USPTO/BAS-XX.XX.XX.XX-201901021858503963
29-88247568-62083fcb89acceb4c43d3d13fa52
bc418f8774dfe843dddc68265f36be43f93-CC-4
894-20190102181218194724













Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 87913823**
**Filing Date: 05/09/2018**

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 87913823 |
| **MARK INFORMATION** | |
| **\*MARK** | \\TICRS\EXPORT17\IMAGEOUT 17\879\138\87913823\xml1\ RFA0002.JPG |
| **SPECIAL FORM** | YES |
| **USPTO-GENERATED IMAGE** | NO |
| **COLOR MARK** | NO |
| **\*DESCRIPTION OF THE MARK** (and Color Location, if applicable) | The mark consists of a vertical bar line adjacent to two arrows, one on top of the other, all encapsulated within a rectangular box. |
| **PIXEL COUNT ACCEPTABLE** | YES |
| **PIXEL COUNT** | 450 x 344 |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| **\*OWNER OF MARK** | Off-White LLC |
| **INTERNAL ADDRESS** | 40th Floor |
| **\*STREET** | c/o Bellizio + Igel, 305 Madison Avenue |
| **\*CITY** | New York |
| **\*STATE** (Required for U.S. applicants) | New York |
| **\*COUNTRY** | United States |
| **\*ZIP/POSTAL CODE** (Required for U.S. and certain international addresses) | 10165 |
| **LEGAL ENTITY INFORMATION** | |
| **TYPE** | limited liability company |
| **STATE/COUNTRY WHERE LEGALLY ORGANIZED** | Illinois |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| **INTERNATIONAL CLASS** | 025 |
| **\*IDENTIFICATION** | Apparel, namely, jackets, sweatshirts, coats, blazers, suits, pants, jeans, pullovers, sweaters, vests, shorts, shirts, dresses, skirts, neckwear, socks, belts, hats, caps, gloves, shoes, boots and sneakers |
| **FILING BASIS** | SECTION 1(b) |

42

| ATTORNEY INFORMATION | |
|---|---|
| NAME | Brian Igel |
| FIRM NAME | Bellizio + Igel PLLC |
| STREET | 305 Madison Avenue, 40th Floor |
| CITY | New York |
| STATE | New York |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 10165 |
| EMAIL ADDRESS | bigel@bilawfirm.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| CORRESPONDENCE INFORMATION | |
| NAME | Brian Igel |
| FIRM NAME | Bellizio + Igel PLLC |
| STREET | 305 Madison Avenue, 40th Floor |
| CITY | New York |
| STATE | New York |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 10165 |
| *EMAIL ADDRESS | bigel@bilawfirm.com |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| FEE INFORMATION | |
| APPLICATION FILING OPTION | TEAS RF |
| NUMBER OF CLASSES | 1 |
| APPLICATION FOR REGISTRATION PER CLASS | 275 |
| *TOTAL FEE DUE | 275 |
| *TOTAL FEE PAID | 275 |
| SIGNATURE INFORMATION | |
| SIGNATURE | /bi/ |
| SIGNATORY'S NAME | Brian Igel |
| SIGNATORY'S POSITION | Attorney of Record, New York bar member |
| DATE SIGNED | 05/09/2018 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 87913823**
**Filing Date: 05/09/2018**

## To the Commissioner for Trademarks:

**MARK:** (Stylized and/or Design, see mark)
The mark consists of a vertical bar line adjacent to two arrows, one on top of the other, all encapsulated within a rectangular box.
The applicant, Off-White LLC, a limited liability company legally organized under the laws of Illinois, having an address of
    40th Floor
    c/o Bellizio + Igel, 305 Madison Avenue
    New York, New York 10165
    United States

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

    International Class 025:  Apparel, namely, jackets, sweatshirts, coats, blazers, suits, pants, jeans, pullovers, sweaters, vests, shorts, shirts, dresses, skirts, neckwear, socks, belts, hats, caps, gloves, shoes, boots and sneakers
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services.

The applicant's current Attorney Information:
    Brian Igel of Bellizio + Igel PLLC    305 Madison Avenue, 40th Floor
    New York, New York 10165
    United States
    bigel@bilawfirm.com (authorized)

The applicant's current Correspondence Information:
    Brian Igel

    Bellizio + Igel PLLC

    305 Madison Avenue, 40th Floor

    New York, New York 10165

    bigel@bilawfirm.com (authorized)
**E-mail Authorization:** I authorize the USPTO to send e-mail correspondence concerning the application to the applicant, the applicant's attorney, or the applicant's domestic representative at the e-mail address provided in this application. I understand that a valid e-mail address must be maintained and that the applicant or the applicant's attorney must file the relevant subsequent application-related submissions via the Trademark Electronic Application System (TEAS). Failure to do so will result in the loss of TEAS Reduced Fee status and a requirement to submit an additional processing fee of $125 per international class of goods/services.

A fee payment in the amount of $275 has been submitted with the application, representing payment for 1 class(es).

### Declaration

    **Basis:**
    **If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

44

**And/Or**

**If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /bi/   Date: 05/09/2018
Signatory's Name: Brian Igel
Signatory's Position: Attorney of Record, New York bar member
Payment Sale Number: 87913823
Payment Accounting Date: 05/10/2018

Serial Number: 87913823
Internet Transmission Date: Wed May 09 14:49:50 EDT 2018
TEAS Stamp: USPTO/BAS-XX.XX.XX.XX-201805091449505694
03-87913823-61082e3bc549b6da545b24fc0803
23444497e600a361ded2e4190651ad93321ec-CC
-1066-20180509144354680622

45

